# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1997 SESSION

FILED

July 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9608-CR-00253 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN P. COLTON, JR., |
| | ) | JUDGE |
| JOHN W. JONES, | ) | |
| | ) | (Post-Conviction) |
| Appellant. | ) | |

FOR THE APPELLANT:

**MICHAEL E. SCHOLL**
212 Adams Ave.
Memphis, Tennessee 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**LORRAINE CRAIG**
Assistant District Attorney General
Criminal Justice Complex
201 Poplar, Ste. 301
Memphis, Tennessee 38103

OPINION FILED: _____

AFFIRMED- RULE 20 ORDER

JOE G. RILEY,
JUDGE

ORDER

The petitioner, John W. Jones, appeals as of right from the denial of post-conviction relief. In 1991, petitioner was indicted for second degree murder. He pled guilty to voluntary manslaughter pursuant to a plea agreement and was sentenced as a Range I, standard offender, to six (6) years. He filed a petition for post-conviction relief, *pro se*, claiming 1) that he was denied effective assistance of counsel, and 2) that the guilty plea was involuntarily and unknowingly entered. The court appointed counsel, and petitioner filed an amended petition which was denied after an evidentiary hearing. The judgment of the trial court is AFFIRMED pursuant to Rule 20 of this Court.

## I. Ineffective Assistance of Counsel

Petitioner argues he was denied effective assistance of counsel. At the evidentiary hearing, the testimony of the petitioner and his former trial counsel was in conflict. Trial counsel testified that she obtained adequate discovery and had extensive discussions with petitioner prior to his guilty plea. Pre-trial matters were handled by consent. Counsel personally interviewed one state witness as well as the witness suggested by petitioner. Counsel also informed petitioner that this sentence would have to run consecutively to his parole violation.

Although petitioner testified to the contrary on these various issues, the trial court found that trial counsel (1) extensively discussed the case with petitioner; (2) conducted an adequate investigation; (3) properly advised petitioner that this sentence would run consecutively to his parole violation; and (4) rendered effective assistance of counsel. The evidence clearly supports these findings and conclusions. This issue is without merit.

## II. Guilty Plea

2

Petitioner argues that he entered a guilty plea believing that his sentence would run concurrently to his time for a parole violation; therefore, his guilty plea was unknowingly and involuntarily entered. He also contends that the trial court failed to question him regarding the plea arrangement pursuant to Rule 11 of the Tennessee Rules of Criminal Procedure.

Petitioner relies upon alleged statements by his parole officer that his sentence would run concurrently to his time for a parole violation. The parole officer did not testify. As previously stated, trial counsel testified that she informed petitioner that , "by law, [the sentence] had to run consecutive." After reviewing the guilty plea hearing, the testimony at the post-conviction hearing, and noting that the petitioner was a "veteran of the Shelby County Criminal Justice Center, and had knowingly entered a guilty plea to previous counts of armed robbery," the post-conviction court found petitioner freely and knowingly entered the instant guilty plea. We agree.

After a full consideration of the record, the briefs, and the law governing the issues presented, we find the evidence does not preponderate against the trial court's findings of fact and conclusions of law. Therefore, the judgment of the trial court is AFFIRMED pursuant to Rule 20 of this Court.

_____
JOE G. RILEY, JUDGE

CONCUR:


_____
JOE B. JONES, JUDGE


_____
DAVID H. WELLES, JUDGE

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

STATE OF TENNESSEE,     )

                         )     C.C.A. No. 02C01-9608-CR-00253

       Appellee,     )

                         )     SHELBY COUNTY No. P-13052

vs.                 )

                         )

                         )     (Post-Conviction)

                         )

JOHN W. JONES,        )

                         )     **AFFIRMED-RULE 20**

       Appellant.     )

**ORDER**

Came the appellant, John W. Jones, by counsel, and the state, by the Attorney General, and this cause was heard on the record on appeal from the Criminal Court of Shelby County; and upon consideration thereof, this court is of the opinion that there is no reversible error.

It is, therefore, ordered and adjudged that the judgment of the trial court is AFFIRMED pursuant to Rule 20, and the case is remanded to the Criminal Court of Shelby County for execution of the judgment of that court and for collection of costs accrued below.

It appears the appellant is indigent. Costs of the appeal are taxed to the State of Tennessee.

PER CURIAM

Joe G. Riley, Judge

Joe B. Jones, Judge

David H. Welles, Judge